UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, | : <br> : <br> : No. 3:19-cr-64-VLB-11 <br> : <br> : August 13, 2020 <br> : <br> : |
| v. | |
| BENJAMIN GREGOR | |

## RULING & ORDER ON MOTION FOR COMPASSIONATE RELEASE

## [ECF NO. 1170]

Before the Court is Benjamin Gregor's Motion for Compassionate Release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A). [ECF No. 1170]. Mr. Gregor seeks compassionate release based on his risk of contracting COVID-19 while incarcerated at FCI Allenwood and his particularly high risk of a severe illness if infected. *Id.* The Government opposes his motion. [ECF No. 1177]. Mr. Gregor replies. [ECF No. 1189]. The Government has since changed its position to acknowledge that Mr. Gregor's medical condition rises to the level of "extraordinary and compelling reasons" warranting a sentence reduction, but still maintains that the Court should deny the motion in light of the $ 3553(A) factors and the danger Mr. Gregor presents. [ECF No. 1226]. Mr. Gregor has filed an update in which he notes that one inmate has tested positive for COVID-19 and additional inmates are being tested. [ECF No. 1261]. After considering the briefing, the Court denies Mr. Gregor's motion for the reasons set forth below.

I.   **Background**

A.  *Case Background*

On July 10, 2019, Mr. Gregor pleaded guilty to conspiracy to distribute and to possess with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii) and 846. [ECF No. 393].

On November 6, 2019, this Court sentenced Mr. Gregor to imprisonment of 66 months in prison. [ECF No. 760]. Mr. Gregor has been in custody since February 21, 2019 and he has a release date of October 29, 2023. *Id.* He is currently incarcerated at the medium-security camp at FCI Allenwood. Inmate Locator: Benjamin Gregor, 17890-014, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/.

### B. Mr. Gregor's Health

Mr. Gregor is 34. *Ibid.* Mr. Gregor suffers from sleep apnea, mild asthma, bipolar disorder, Post Traumatic Stress Disorder and obesity, with a BMI of 30.8. [ECF No. 1170]; *see* [ECF No. 1171 (Ex. 2: Medical Records)]. The CDC identifies people with obesity ("body mass index (BMI) of 30 or higher") as "at increased risk of increased risk of severe illness from COVID-19." *People with Certain Medical Conditions*, Centers for Disease Control and Prevention (June 25, 2020),https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.  The CDC also states that people with moderate to severe asthma "might be at an increased risk for severe illness from COVID-19." *Id.*

### II. Legal Standard

Under the First Step Act of 2018, federal prisoners may petition courts directly for reduction of their sentences, and judges may grant such requests if "extraordinary and compelling reasons" support reduction. *See* First Step Act of 2018, Section 603(b), Pub. L. 115- 391, 132 Stat. 5194 (2018) (amending 18 U.S.C. § 3582(c)(1)(A)(i)) ("First Step Act"). 18 U.S.C. § 3582(c)(1)(A) now authorizes a court to modify a term of imprisonment "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Where this exhaustion requirement is met, a court may reduce the defendant's sentence if it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* The Court must also consider "the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." *Id.* "The defendant bears the burden of showing that she is entitled to a sentence reduction." *United States v. Gagne*, No. 3:18-CR-242 (VLB), 2020 WL 1640152, at *3 (D. Conn. Apr. 2, 2020).

III. <u>Analysis</u>

A. *<u>Authority</u>*

Mr. Gregor submitted a request for compassionate release to Warden Howard on April 29, 2020. [ECF No. 1170-1 (Ex. 1: Warden Response to Inmate Request)]. 30 days passed "from the receipt of such a request by the warden of the

defendant's facility" to Mr. Gregor's filing of the motion, and that the Court has authority to act on this motion. 18 U.S.C. § 3582(c)(1)(A).

### B. "Extraordinary and Compelling Reason"

At Congress's direction, the U.S. Sentencing Commission promulgated guidance on the circumstances constituting "extraordinary and compelling" reasons. *See* 28 U.S.C. § 944(t); U.S.S.G. 1B1.13. The U.S. Sentencing Commission has not updated its guidance since the enactment of the First Step Act. *See* U.S.S.G. 1B1.1 (Nov. 1, 2018). The Application Notes to U.S.S.G. § 1B1.13 explain that a defendant's medical condition may constitute "extraordinary and compelling" circumstances when:

> **(A) Medical Condition of the Defendant.--**
>
>> **(i)** The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> [or]
>
>> **(ii)** The defendant is--
>>
>>> **(I)** suffering from a serious physical or medical condition,
>>>
>>> **(II)** suffering from a serious functional or cognitive impairment, or
>>>
>>> **(III)** experiencing deteriorating physical or mental health because of the aging process,
>>
>> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. 1B1.13, Commentary Application Note 1(A). Any "other" "extraordinary and compelling reason" may also justify relief. *Id.* at Commentary Application Note 1(D).

"[T]he mere existence of COVID-10 in society and the possibility that it might spread to a particular prison alone cannot independently justify compassionate release." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). But this Court and others have reconized that an inmate's chronic medical condition that elevates his risk of becoming seriously ill from COVID-19 according to the CDC may be such an extraordinary and compelling reason. *See United States v. Sanchez,* No. 18-CR-00140-VLB-11, 2020 WL 1933815, at *5 (D. Conn. Apr. 22, 2020) (collecting cases).

Mr. Gregor has shown that he has such a condition. The parties agree that, as of February 25, 2020, Mr. Gregor's BMI is 30.8. [ECF No. 1171 (Ex. 2: Medical Records)]. This BMI puts Mr. Gregor in the group of people who "are at increased risk of severe illness from COVID-19" according to the Centers for Disease Control as a risk factor for severe illness. *People with Certain Medical Conditions*, Centers for Disease Control and Prevention (July 30, 2020). However, Mr. Gregor's higher risk of a severe illness from COVID-19 is not an extraordinary and compelling reason if he is at less risk of contracting COVID-19 while incarcerated than he would be were he released.

The Court finds Mr. Gregor has not shown that his risk of contracting COVID-19 is higher at FCI Allenwood, where he is incarcerated, than it would be were he released to home confinement. Although recommended social distancing and hygiene precautions are more difficult for inmates to practice in a prison setting,

*see Guidance for Correctional and Detention Facilities,* Centers for Disease Control and Prevention: Coronavirus Disease 2019 (COVID-19) (July 22, 2020),[1] such individual precautions are less urgent if the prison's precautions have limited the spread of coronavirus. FCI Allenwood Medium houses 1,062 inmates. Federal Bureau of Prisons, FCI Allenwood Medium, *available at* https://www.bop.gov/locations/institutions/alm/ (accessed August 13, 2020). As of the date of this opinion, out of 103 tests completed, there is one pending test and one positive case at FCI Allenwood Medium, and the Bureau of Prisons is taking numerous measures to ensure that the coronavirus will not spread. Federal Bureau of Prisons, COVID-19 Cases, *available at* https://www.bop.gov/coronavirus/index.jsp (accessed August 13, 2020). While one case is more compelling than none, it does not itself demonstrate an outbreak, especially where an individual has not shown that he could be exposed to the person who has contracted the virus. In addition, although FCI Allenwood has only tested 103 inmates, *id.,* Mr. Gregor has not given the Court any positive evidence to believe that COVID-19 is spreading in the facility. In the absence of such evidence, the Court cannot find that his risk of contracting COVID-19 is higher at FCI Allenwood Medium than it would be upon release, and therefore finds that Mr. Gregor has not shown an extraordinary and compelling reason for his release. *See United States v. Muhammad Shabaz*, No. 3:18-CR-170 (VLB), 2020 WL 4381944, at

---

[1] Available at: https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/guidance-correctional-detention.html.

\*5 (D. Conn. July 31, 2020) (denying motion for compassionate release by person who was obese and diabetic where his facility reported no COVID-19 cases).

   C. *Danger to the Community*

Additionally, the Court considers the possible danger Mr. Gregor's release would pose to the community. The Commission's policy statement provides for granting a sentence reduction only if "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). The relevant period is between now and October 2023, when Mr. Gregor would otherwise be released from the Bureau of Prisons. *See United States v. Rivera*, No. 3:13-CR-71-1 (VLB), 2020 WL 3186539, at \*6 (D. Conn. June 15, 2020) (citing *United States v. Hill*, No. 3:19-CR-00038 (JAM), 2020 WL 2542725, at \*3 (D. Conn. May 19, 2020)).

As discussed at the Mr. Gregor's sentencing, Mr. Gregor has an "extensive criminal history beginning at age 20." [ECF No. 977 (Nov. 6, 2019 Sentencing Tr.) at 13]. In total, Mr. Gregor has six prior convictions spanning from a 2005 conviction for assault in the third degree to a 2017 conviction for assault in the third degree. [ECF No. 680 (Presentence Investigation Report) ¶¶43-50]. Of his six prior convictions, one conviction his prior federal conviction in 2009, related to a controlled substance. *Id.* ¶ 40. The three most recent involve altercations with women. His 2014 convictions stem from when he assaulted the mother of his children, whom he strangled and violently attacked. *Id.* ¶ 41. His 2016 interfering/resisting conviction similarly started with an argument with a woman, as did his 2017 assault third conviction that involved "domestic issues." *Id.* ¶¶ 42-

43. Thus, the defendant's criminal history evidences that he continues to pose a danger to the community through his drug distribution, violence, and unwillingness to control his behavior.

Further, Mr. Gregor has a pattern of committing serious offenses either while under supervision or shortly after a period of supervision. As noted by the Court (Spector, M.J.):

> In addition, the defendant sustained a state conviction for assault in 2014 and then violated the terms of his state probation in 2016 and 2017. Moreover, he committed the instant offense while serving a term of state probation. In the past five years, the defendant has violated the terms of his federal supervised release and his state probation on approximately six different occasions.

[ECF No. 164]. His criminal history and the instant conviction evidence that Mr. Gregor presents a danger to the community through his willingness to distribute narcotics notwithstanding the consequences to others and society. The Court finds that this is an independent reason to deny his motion for release.

IV.     **Conclusion**

For the reasons above, the Court denies Mr. Gregor's motion for compassionate release.

IT IS SO ORDERED.

_____/s/_____
Hon. Vanessa L. Bryant
United States District Judge

**Dated this day in Hartford, Connecticut: August 13, 2020**