UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | No. 3:19-cr-64-11 (VLB) |
| v. | : | |
| | : | December 17, 2020 |
| BENJAMIN GREGOR | : | |
| | : | |

ORDER ON DEFENDANT'S RENEWED MOTION
FOR COMPASSIONATE RELEASE, [ECF NO. 1412]

Before the Court is Benjamin Gregor's Renewed Motion for Compassionate Release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A).  [ECF No. 1412]. Mr. Gregor seeks compassionate release to avoid the risk of contracting COVID-19 while incarcerated at FCI Allenwood, which is at present, he argues, suffering an "outbreak," his high risk of a severe illness if infected, and the Second Circuit's recent opinion in *United States v. Brooker*, 976 F.3d 228 (2d. Cir. 2020), which, Mr. Gregor argues, allows the Court to "'consider the full slate of extraordinary and compelling reasons' without being limited by the 'now-outdated version' of section 1.B1.13" of the Sentencing Guidelines.  [ECF No 1413 at 1-3 (quoting *United States v. Sturdivant*, No. 3:12-cr-00074 (SRU), 2020 WL 6875047 at *3 (D. Conn. Nov. 23, 2020)].  The Government opposes his motion.  [ECF No. 1418].  Mr. Gregor replies. [ECF No. 1424].   After considering the briefing, the Court denies Mr. Gregor's motion for the reasons set forth below.

## I.  Background

### A. *Case Background*

On July 10, 2019, Mr. Gregor pled guilty to conspiracy to distribute and to possess with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii) and 846.  [ECF No. 393].

On November 6, 2019, this Court sentenced Mr. Gregor to 66 months' imprisonment.  [ECF No. 760].  Mr. Gregor has been in custody since February 21, 2019 and he has a release date of October 29, 2023.  *Id.*  He is currently incarcerated at the medium-security camp at FCI Allenwood. Inmate Locator: Benjamin Gregor, 17890-014, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/.

On June 23, 2020, Mr. Gregor moved for compassionate release.  [ECF No. 1170].  On August 13, 2020, the Court denied Mr. Gregor's motion, finding that while Mr. Gregor's BMI of 30.8 put him "in the group of people who are at increased risk of severe illness from COVID-19 according to the Centers for Disease Control," [ECF No. 1243 at 5], he did not establish extraordinary and compelling reasons for release given the low number of positive COVID inmate cases at Allenwood Medium FCI where he was housed; the Court thus could not find that his risk of contracting COVID-19 was higher at Allenwood than it would be upon release.  *Id.* at 6.  In addition, given his violent criminal history, much of which occurred while on state or federal supervision, the Court denied release because Mr. Gregor was a danger to the community.  *Id.* at 7-8.

On September 1, 2020, Mr. Gregor filed a Notice of Appeal.  [ECF No. 1283].

On December 3, 2020, Mr. Gregor filed the instant Renewed Motion for Compassionate Release.  [ECF No. 1412].

### B. *Mr. Gregor's Health*

Mr. Gregor is 34.  *Id.*  Mr. Gregor suffers from sleep apnea, mild asthma, bipolar disorder, Post Traumatic Stress Disorder and obesity, with a BMI of 30.8. [ECF No. 1170]; *see* [ECF No. 1171 (Ex. 2: Medical Records)].  The CDC identifies people with obesity ("body mass index (BMI) of 30 or higher") as "at increased risk of severe illness from COVID-19."  *People with Certain Medical Conditions*, Centers for Disease Control and Prevention (June 25, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.  The CDC also states that people with moderate to severe asthma "might be at an increased risk for severe illness from COVID-19."  *Id.*

## II.    Legal Standard

Under the First Step Act of 2018, federal prisoners may petition courts directly for reduction of their sentences, and judges may grant such requests if "extraordinary and compelling reasons" support reduction.  *See* First Step Act of 2018, Section 603(b), Pub. L. 115-391, 132 Stat. 5194 (2018) (amending 18 U.S.C. § 3582(c)(1)(A)(i)) ("First Step Act").  18 U.S.C. § 3582(c)(1)(A) now authorizes a court to modify a term of imprisonment "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a

request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. §

3582(c)(1)(A).  Where this exhaustion requirement is met, *Brooker* held that district

courts may consider "…the full slate of extraordinary and compelling reasons that

an imprisoned person might bring before them in motions for compassionate

release," and not just those delineated by the U.S. Sentencing Commission's policy

statement.  976 F.3d at 237.  "The defendant bears the burden of showing that she

is entitled to a sentence reduction."  *United States v. Gagne*, No. 3:18-cr-00242

(VLB), 2020 WL 1640152, at *3 (D. Conn. Apr. 2, 2020).

"The filing of a notice of appeal is an event of jurisdictional significance—it

confers jurisdiction on the court of appeals and divests the district court of its

control over those aspects of the case involved in the appeal."  *Griggs v. Provident

Consumer Disc. Co.*, 459 U.S. 56, 58 (1982).  However, "[i]f a timely motion is made

for relief that the court lacks authority to grant because of an appeal that has been

docketed and is pending, the court may deny the motion."  Fed. R. Crim. P. 37(a)(2).

III.    Analysis

A. *Authority*

Mr. Gregor submitted a renewed request for compassionate release to

Warden Howard on October 27, 2020. [ECF No. 1412-1 (Ex. 1: Warden Response to

Inmate Request)].  30 days passed "from the receipt of such a request by the

warden of the defendant's facility" to Mr. Gregor's filing of the motion; and thus,

the Court has authority to act on this motion.  18 U.S.C. § 3582(c)(1)(A).  The

Government agrees.   [ECF No. 1418 at 5-6 (Defendant "has exhausted his administrative remedies")].

   B. *"Extraordinary and Compelling Reason"*

   The Court has considered the "full slate" of reasons advanced by the Defendant and finds that they are neither "extraordinary" nor "compelling."  As the Court noted previously, "the mere existence of COVID-19 in society and the possibility that it might spread to a particular prison alone cannot independently justify compassionate release."  [ECF No. 1243 at 5 (citing *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)].  While the Court previously found that Mr. Gregor's BMI of 30.8 put him "in the group of people who 'are at increased risk of severe illness from COVID-19,'" citing *People with Certain Medical Conditions*, Centers for Disease Control and Prevention (July 30, 2020), the Court found Mr. Gregor had not established "extraordinary and compelling reasons" for his release in the absence of data indicating that "his risk of contracting COVID-19 is higher at FCI Allenwood Medium than it would be upon release," given only one positive case at Allenwood Medium.  [ECF No. 1243 at 5-6].

   Mr. Gregor invites the Court to reconsider this ruling, given that there is now an "outbreak" at Allenwood Medium.  [ECF No. 1412 at 1].  But review of the Bureau of Prisons COVID statistics at Allenwood Medium indicates that there are only six (6) positive inmate COVID cases out of a population of 1,062 inmates for a 0.56% infection rate.  https://www.bop.gov/coronavirus/index.jsp.   The current positivity rate in Connecticut is 7.41%, **https://portal.ct.gov/coronavirus/covid-19-data-tracker**, more than twelve times the positivity rate at Allenwood.

In addition to failing to establish that he is exposed to a greater risk of contracting COVID-19 at Allenwood because of the outbreak, Mr. Gregor proposes to increase his exposure to COVID-19 if released.  The Government notes that Allenwood "is following the BOP's COVID-19 Modified Operations Plan that includes a number of procedures designed to limit the virus' spread, including requiring that all inmates be secured in their assigned cells/quarters, restricting visits, and limiting group gathering with attention to social distancing to the extent possible to facilitate commissary, laundry, showers, telephone, and computer access."  [ECF No. 1418 at 3].  Mr. Gregor's release plan provides no such assurances.  On the contrary, his proposed release plan, including full time employment, would increase his exposure to the virus.

In sum, the Court continues to find that Mr. Gregor has not shown an extraordinary and compelling reason for his release; the Court cannot find that his risk of contracting COVID-19 is higher at FCI Allenwood Medium than it would be upon release.

C. *"Danger to the Community"*

As the Court previously noted:

Mr. Gregor has an extensive criminal history beginning at age 20.  In total, Mr. Gregor has six prior convictions spanning from a 2005 conviction for assault in the third degree to a 2017 conviction for assault in the third degree.  Of his six prior convictions, one conviction his prior federal conviction in 2009, related to a controlled substance. The three most recent involve altercations with women. His 2014 convictions stem from when he assaulted the mother of his children, whom he strangled and violently attacked.  His 2016 interfering/resisting conviction similarly started with an argument with a woman, as did his 2017 assault third conviction that involved 'domestic issues.'  Thus, the defendant's criminal history evidences

6

that he continues to pose a danger to the community through his drug distribution, violence, and unwillingness to control his behavior. Further, Mr. Gregor has a pattern of committing serious offenses either while under supervision or shortly after a period of supervision. [For example,] the defendant sustained a state conviction for assault in 2014 and then violated the terms of his state probation in 2016 and 2017. Moreover, he committed the instant offense while serving a term of state probation. In the past five years, the defendant has violated the terms of his federal supervised release and his state probation on approximately six different occasions.

[ECF No. 1243 at 7-8 (citations omitted)].

Mr. Gregor does not address the Court's finding that he is a danger to the community, except to note that he "has served his sentence with no disciplinary problems," that he "has a re-entry plan," and that he has served 44% of his sentence. [ECF No. 1413 at 12-13]. The Court is not convinced that this addresses Mr. Gregor's danger to the community, given the pervasive and violent nature of his past convictions and the fact that he has shown no restraint whatsoever while under supervision by state or federal authorities.

## IV.    Conclusion

For the reasons above, the Court denies Mr. Gregor's renewed motion for compassionate release, as allowed by the Federal Rules of Criminal Procedure for cases on appeal. Fed. R. Crim. P. 37(a)(2).

IT IS SO ORDERED.

_____/s/_____
Hon. Vanessa L. Bryant
United States District Judge

Dated this day in Hartford, Connecticut: December 17, 2020

7